UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re<br><br>ATLANTIC BROOM SERVICE, INC.<br>ATL MUNICIPAL SALES, LLC<br><br>Debtors. | Chapter 7<br>Case No. 22-10173-JEB<br><br>Jointly Administered |

### ORDER ON
### TRUSTEE'S MOTION: (A) FOR AUTHORITY TO SELL ASSETS OF ATLANTIC BROOM SERVICE, INC.'S ESTATE FREE AND CLEAR BY PRIVATE SALE; AND (B) TO APPROVE COMPROMISES WITH LANDLORD AND SECURED CREDITOR IN CONNECTION WITH SUCH SALE

This matter came before the Court on the Trustee's Motion: (A) For Authority to Sell Assets of Atlantic Broom Service, Inc.'s Estate Free and Clear by Private Sale; and (B) to Approve Compromise with Landlord and Secured Creditor in Connection with Such Sale (the "Sale Motion"). Pursuant to the Sale Motion, the Trustee seeks authority to sell by private sale all of the right, title and interest of Debtor Atlantic Broom Service, Inc. ("Atlantic Broom") and the Atlantic Broom bankruptcy estate in and to substantially all of the assets of Atlantic Broom (as more particularly defined in the Sale Motion, the "Purchased Assets") to United Rotary Brush Corporation ("Buyer"), on the terms of the agreement attached as Exhibit A to the Sale Motion ("Sale Agreement"). In addition, as set forth in the Sale Motion, the Trustee seeks approval of the compromises with Two Diamond Capital Corp. ("Two Diamond"), who holds a first priority security interest on the Purchased Assets, and EIP EB Owner LLC ("Landlord"), the landlord of the premises occupied by the Debtor, on the terms set forth in the Sale Motion.

The Court makes the following findings and conclusions regarding the matters in the Sale Motion:

A.  The Trustee served a copy of the Notice of Private Sale on the United States Trustee, the Buyer, the Debtor, counsel for the Debtor, all creditors, and all parties that have requested notice of pleadings in this case, as well as any other party who the Trustee regards as a potential purchaser as reflected by a certificate of service filed with the Court. The Court finds that such notice of the sale and compromises is sufficient notice.

B.  The Court held a hearing on the Sale Motion on September 21, 2022, at which all parties had an opportunity to be heard. No objections to the Sale Motion were filed or raised at the hearing. No counteroffers were submitted prior to or at the hearing.

C.  The Trustee made an offer of proof in the Sale Motion and at the hearing that the Buyer is a disinterested person as defined by Section 101(14) of the Bankruptcy Code and that it has no relationship with the Trustee, Atlantic Broom, or Two Diamond.

D.  The Trustee made an offer of proof in the Sale Motion and at the hearing that all negotiations among the Trustee, the Buyer, Two Diamond and the Landlord were conducted on an arm's length, good faith basis, and for other good cause shown;

E.  At the hearing and in the Sale Motion, the Trustee and Two Diamond confirmed that (i) Two Diamond held a first priority security interest in all of the Purchased Assets, except for a 2018 Isuzu delivery truck and a 2010 Chevrolet Silverado, which are subject to a lien of Ally Financial, (ii) the amount owed to Two Diamond is in excess of $800,000; and (iii) the maximum sale proceeds that could be received (including potential contingent payments) is less than the amount due to Two Diamond.

F.  Two Diamond agreed to accept the proposed distributions set forth in the Sale Motion in full resolution of its claims against Atlantic Broom (but did not waive any claims against guarantors).

G. The Landlord agreed to accept the proposed distributions set forth in the Sale Motion in full resolution of its claims.

H. In the Sale Motion and at the hearing, Two Diamond agreed to the following payments as "carve outs" from the sale proceeds to which it would otherwise be entitled as the holder of the first priority security interest: (i) $85,000 to the estate, (ii) the sums to be paid to the Landlord as set forth in Sale Motion, and (iii) $28,000 to Michael Schreck and the firm of Reserve Capital Group, LLC ("Broker") as broker.

I. The Broker confirmed at the hearing that it would accept $28,000 in full satisfaction of any commission due.

J. The Trustee and the Buyer confirmed at the hearing that (i) the requirement of a Management Agreement had been waived, (ii) there are no executory agreements or contracts being assumed and assigned as part of the Purchased Assets, and (iii) the Buyer will not be doing business as Atlantic Broom Service.

K. The sale is in the best interest of the estate.

L. The proposed compromises with Two Diamond and the Landlord are in the best interests of the estate, within the range of reasonableness, and a reasonable exercise of the Trustee's business judgment.

Having considered the Sale Motion, the record of these Proceedings, the offer of proof at the hearing, and the arguments and representations at the hearing, good cause being shown,

It is ORDERED that:

1. The Sale Motion is GRANTED as provided in this Order.

2. The Trustee is authorized to sell by private sale to United Rotary Brush Corporation (the "Buyer"), for the purchase price of $588,000, plus potential additional amounts

as described in the Sale Agreement, all of the right, title and interest of Atlantic Broom and Atlantic Broom's bankruptcy estate in and to the Purchased Assets.

3.  The Court finds that the Buyer is a good faith purchaser entitled to the protections of Section 363(m) of the Code.

4.  The sale of the Purchased Assets is free and clear of all liens and other monetary interests in the Purchased Assets. Since the total sale proceeds will not exceed the sums due to Two Diamond on account of its senior lien, the only liens to attach to the proceeds shall be (i) the lien of Two Diamond, subject to its agreement to accept the amount below in satisfaction of the liens, and (ii) the lien of Ally Financial for its first priority security interest in a 2018 Isuzu delivery truck and a 2010 Chevrolet Silverado.

5.  From the proceeds of the sale of the Purchased Assets, the Trustee is authorized to pay:

   (a) EIP EB Owner LLC, $75,000 of the sale proceeds, plus twenty five percent (25%) from any additional payments from the Buyer under the Agreement, in full satisfaction of all of its claims against the estate, including prepetition lease rejection claims and postpetition administrative claims.

   (b) Two Diamond, $400,000 of the sale proceeds, plus seventy five percent (75%) from any additional payments from the Buyer under the Agreement, in full satisfaction of its claim against the estate (but not waiving any claims against guarantors).

   (c) Reserve Capital Group, LLC, $28,000, in full satisfaction of the commission due, by agreement of Reserve Capital Group.

    (d) Ally Financial, such amounts as are currently due for the 2018 Isuzu delivery truck and the 2010 Chevrolet Silverado.

6. For good cause shown, the 14 day stay of this Order pursuant to Fed. R. Bankr. P. 6004(h) is waived. The Order shall be effective immediately.

Entered as an Order of the Court this 22nd day of September, 2022.

_____
Janet E. Bostwick
United States Bankruptcy Judge

5